IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES D. FLORES,<br>Petitioner<br><br>VS.<br><br>NATHANIEL QUARTERMAN, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, CRIMINAL INSTITUTIONAL<br>DIVISION,<br>Respondent. | § § § § § § § § § § § | NO. 3:07-CV-0413-M (BD)<br>Referred to the U.S. Magistrate Judge |

## PETITIONER'S THIRD AMENDED MOTION
## FOR APPOINTMENT OF EXPERT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Charles D. Flores, petitioner in the above-entitled and numbered cause, and files this Third Amended Motion for Expert Services pursuant to 18 U.S.C. §3599(f), and in support of this motion petitioner shows:

I.

Petitioner has a pending 2254 motion to vacate sentence on a charge of capital murder where the death penalty was assessed.

II.

This is Petitioner's fourth request for funds. The first was denied as vague. The second was denied because it was filed under seal without a proper showing of propriety for such request. The third request was denied because Flores did not demonstrate that the claims were procedurally exhausted in the state courts.

1

III.

In the lower court, Flores filed a claim (claim 7) that the sole eyewitness's identification was improperly tainted by hypnosis, denying Flores due process of law. A copy of that claim is attached hereto as Exhibit A. *Inter alia*, Flores claimed that the state court's determination of the claim was an unreasonable application of the law and the facts. The state court entered findings denying the claim with a reiteration of the findings of the trial court judge. In essence, the state court determined that the determination of facts were not unreasonable. Further, the State argued that since the claim was raised on direct appeal, it could not be re-litigated in the state writ. A copy of those findings is attached hereto as Exhibit B. On the face of it, this claim and the resultant findings would suggest that the claim has been procedurally exhausted in the state court system.

IV.

There is no thornier issue in 2254 litigation than the concept of exhaustion. For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a post-conviction habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* Tex.Code Crim. Proc. Ann. art. 11.07 (Vernon 2005); *Anderson v. Johnson*, 338 F.3d 382, 388 n. 22 (5th Cir. 2003).

The central issue is whether the claim presented in federal court was fairly presented to the state court. The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). This requires that the state court be

given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler,* 837 F.2d 699, 702 (5 Cir.1988). As Magistrate Judge Kaplan stated in *Jones v. Dretke* 2005 WL 1214670, 2 (N.D.Tex., 2005)

> "Where petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement." *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001), *quoting Vela v. Estelle,* 708 F.2d 954, 958 n. 5 (5th Cir.1983), *cert. denied,* 464 U.S. 1053, 104 S.Ct. 736, 79 L.Ed.2d 195 (1984). *See also Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) ("It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made.").

*See also, Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997) (citing *Picard v. Connor,* 404 U.S. 270, 275 (1971)). Additional factual allegations, or expanded development of the record do not constitute a procedural bar. "[A] habeas petitioner fails to exhaust state remedies when he presents material additional evidentiary support to the federal court that was not presented to the state court." *Graham v. Johnson,* 94 F.3d 958, 968 (5th Cir. 1996) (per curiam) (citation omitted). If a claim is "in a significantly different and stronger evidentiary posture than it was before the state courts," then the exhaustion requirement of § 2254(b) has not been met. *Joyner v. King,* 786 F.2d 1317, 1320 (5th Cir. 1986).

V.

Flores was finally appointed writ counsel almost four months after his one year filing window had been opened. The claim is due this fall. Court appointed counsel has no training in hypnosis and no experience in contesting hypnosis claims. In order to intelligently present the hypnosis claim for federal review, Flores's counsel must consult with an expert. Edward Geiselman, a professor

3

at UCLA is an expert in this field who has offered to consult with Flores's counsel and has requested a $5,000 retainer. Counsel submits, on information and belief, that Professor Geiselman will be able to assist counsel in properly framing and arguing the hypnosis claim without materially enhancing the factual basis for the claim presented in the state court.

VI.

Without having the benefit of expert consultation, and without having written the claim, counsel is simply not prescient enough to detail specifically the claim that will be presented once the work is finished. Still, Counsel predicts that the Attorney General will claim procedural default no matter what claim is submitted. The possibility of default is not a sufficient justification to deny requested assistance. The Fifth Circuit has upheld the denial of funding when a petitioner has (a) failed to supplement his funding request with a viable constitutional claim that is not procedurally barred, or (b) when the sought-after assistance would only support a meritless claim, or (c) when the sought after assistance would only supplement prior evidence. *See Barraza v. Cockrell,* 330 F.3d 349 (5th Cir. 2003). Counsel has met these standards: the claim has merit, is exhausted and will not rest on duplicative effort. Counsel submits that an interpretation of 18 U.S.C. §3599(f) which requires that counsel preclude all possible arguments concerning exhaustion and then establish a factual basis for the request sufficient to show that the requested funds have a significant impact on the outcome of the litigation would render the need for the underlying expert superfluous. By the time a sufficient showing is made, the claim in essence has already been written. Such an interpretation of the statute leads to absurd results. Restated, counsel will not be able to put forth an effective attack on the tainted hypnosis testimony without guidance from an expert in that field. Further, because this claim is one of the few exhausted claims to be presented, the need for assistance is substantial.

WHEREFORE, premises considered, Flores submits that he has made a sufficient prima facie showing that the request for expert involves a claim that was fully exhausted in the state court and that the services of the expert will assist Flores in presenting a proper claim to the federal court without committing any further procedural default. Therefore, Flores requests that the court enter an order providing him with $5,000 to engage the services of the requested expert.

Respectfully submitted,

/s/ Bruce Anton
BRUCE ANTON
TSB #01274700

SORRELS, UDASHEN & ANTON
2301 Cedar Springs #400
Dallas, Texas 75201
214/468-8100
214/468-8104 (Fax)

ATTORNEY FOR PETITIONER

## CERTIFICATE OF CONFERENCE

I hereby certify that I have spoken with Carla Eldred regarding filing this motion, and she indicated that she is opposed to the granting of this motion.

/s/ Bruce Anton
BRUCE ANTON

5

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing motion was served on Carla Eldred, Assistant Attorney General, Post-Conviction Litigation Division, P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548 through the court's e-filing system and by U.S. mail on this the 8th day of June, 2007.

_____
BRUCE ANTON