IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES D. FLORES | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-0413-M |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM ORDER**

Petitioner Charles D. Flores, by and through his attorney of record, has filed a third amended motion for appointment of an hypnosis expert and an amended motion for appointment of an investigator in this death penalty habeas case brought under 28 U.S.C. § 2254. In support of his request for funds to hire an hypnosis expert, petitioner alleges that the only adult eyewitness who placed him at the scene of the murder had her recollection hypnotically enhanced and counsel is unfamiliar with such matters. Petitioner further alleges that he needs an investigator to contact four witnesses, as well as members of his own family, in order to develop two of his claims--that the Dallas County District Attorney's Office intimidated potential witnesses and that his attorney failed to investigate the case or present mitigating evidence. Both motions have been fully briefed by the parties and are ripe for determination.

A district court may authorize the payment of investigative or expert services in a capital case "[u]pon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence[.]"

18 U.S.C. § 3599(f).[1] Under this statute, a habeas petitioner under a sentence of death is entitled to expert assistance if the petitioner is indigent and the expert services are reasonably necessary for his representation. *See Riley v. Dretke*, 362 F.3d 302, 307 (5th Cir. 2004), *cert. denied*, 125 S.Ct. 866 (2005) (citing cases). The Fifth Circuit has construed "reasonably necessary" to mean that a petitioner must demonstrate "a substantial need" for the requested assistance. *Id.*, *citing Clark v. Johnson*, 202 F.3d 760, 768 (5th Cir.), *cert. denied*, 121 S.Ct. 84 (2000). In order to establish "substantial need" for investigative or expert assistance, a petitioner must show:

1. a nexus between the investigative or expert services and a habeas claim of constitutional dimension;

2. that the need for an investigator or expert did not result from petitioner's failure to develop his claims in state court; and

3. that the claims sought to be developed are not barred from federal habeas review.

*See, e.g. Bradford v. Johnson*, 162 F.Supp.2d 578, 580 (N.D. Tex. 2001); *Hines v. Cockrell*, No. 3-99-CV-0575-G, 2001 WL 1661670 at *2 (N.D. Tex. Dec. 26, 2001); *Patrick v. Johnson*, 48 F.Supp.2d 645, 647 (N.D. Tex. 1999).[2]

Petitioner has easily satisfied the first element of the "substantial need" requirement--a nexus between the investigative and expert services and a claim of constitutional dimension. Among the claims petitioner intends to raise in his federal writ are that he was denied a fair trial, due process, and compulsory process due to ineffective assistance of counsel and prosecutorial misconduct.

---

[1] The prior version of this statute, 21 U.S.C. § 848(q)(9), was repealed effective March 9, 2006 and recodified at 18 U.S.C. § 3599(f). *See* Pub.L. 109-177, Title II, § 222(a), 120 Stat. 231, 232 (Mar. 9, 2006).

[2] In his response brief, respondent argues that petitioner is not entitled to investigative or expert funds absent a showing of "good cause." (*See* Resp. Br. at 2). The "good cause" standard applies only to requests for discovery. *See* Rules Governing Section 2254 Cases, Rule 6(a). By contrast, the relevant standard for determining whether a petitioner in a capital habeas case is entitled to funds for investigative and expert services is whether such services are "reasonably necessary." *See* 18 U.S.C. § 3599(f).

Specifically, petitioner maintains that Myra Wait could have provided an alibi for him on the day of the murder, but was not called as a witness by defense counsel and was threatened by the prosecutor with the loss of her children if she testified. Another claim petitioner intends to raise is that the trial testimony of Jill Bargainer, a witness who allegedly observed petitioner enter the victim's house, was tainted by improper hypnosis techniques. The court has little difficulty in concluding that these claims implicate significant constitutional rights under the Sixth and Fourteenth Amendments.

It is less clear whether the present need for investigative and expert assistance results from petitioner's failure to develop his claims in state court. The record is silent as to whether state habeas counsel requested an investigator and an hypnosis expert to develop his claims on state collateral review, and if so, the reason his request was denied.[3] However, respondent offers no evidence on this point either. Although respondent generally alleges that petitioner had "plenty of opportunity" to develop his missing alibi witness and hypnosis claims, (*see* Resp. Br. at 21), none of those missed opportunities are identified. Nor did the state habeas court find that petitioner failed to develop any of his claims. Instead, it appears that the state court rejected the alibi witness claim based on a failure of proof and rejected the hypnosis claim because "the trial court followed proper state law procedures to ensure the reliability of Bargainer's testimony." (*Id.* at 10; *see also* 12, 14, 17, 19). Without some evidence to suggest that petitioner failed to adequately develop his claims in state court, the court exercises its discretion to authorize funds to allow petitioner to fully develop and investigate those claims in federal court.

---

[3] The court notes that petitioner requested, but never received, an evidentiary hearing in the state habeas court. Instead, his state writ was decided on the record and affidavit testimony. (*See* Pet. Mot. at 2). This at least suggests that petitioner was not permitted to develop his case in the manner he requested.

Finally, respondent argues that petitioner's missing alibi witness and hypnosis claims are procedurally barred from federal habeas review.  While conceding that both claims were raised and "fully litigated" in the state habeas proceeding, respondent contends that "if Flores intends to use the hypnosis expert and/or investigator to raise new allegations in his federal habeas petition, the new claims will be barred from this Court's review due to unexhaustion."  (*Id.* at 22; *see also* 24-25).  This may or may not be true.  Additional evidence that merely supplements, but does not fundamentally alter, a claim presented to the state court does not render the claim unexhausted.  *See Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005).  Although further development of petitioner's missing alibi witness and hypnosis claims may result in "material additional evidentiary support" that was not presented to the state court, thereby subjecting those claims to dismissal on exhaustion grounds, petitioner is not required to make such a showing as a condition to obtaining investigatory and expert funds.  Nor is petitioner required to establish any exception to a potential procedural bar before his federal writ is even filed.  As another judge in this district once observed:

> [I]t makes little sense to force [petitioner] to first try to make a good faith claim of a constitutional violation before supplying him with the resources to investigate this claim's factual basis and validity.  This is especially true of a claim that may have been procedurally defaulted in the state post-conviction forum, for which [petitioner] must also allege and prove not just "cause" for the procedural default, but "prejudice" as well.  If [petitioner] is to make the requisite allegation of constitutional deficiency and consequent "prejudice" in his petition, he should be allowed to investigate and develop the full extent of the mitigating evidence that trial counsel allegedly failed to investigate and produce at his trial.  It is for this purpose that he seeks federal investigatory funds.

*Patterson v. Johnson*, No. 3-99-CV-0808-G, 2000 WL 1234661 at *2 (N.D. Tex. Aug. 31, 2000).  Like the petitioner in *Patterson*, the petitioner in this case seeks funds to hire an investigator and an expert to fully develop potential claims of constitutional dimension.  To deny him that opportunity

-4-

because of the possibility that facts uncovered by the investigator and provided by the expert may constitute "material additional evidentiary support" that render the claims unexhaused would frustrate the purpose of section 3599(f). *Id.*; *see also McFarland v. Scott*, 512 U.S. 849, 855, 114 S.Ct. 2568, 2572, 129 L.Ed.2d 666 (1994) ("The services of investigators and other experts may be critical in the preapplication phase of a habeas corpus proceeding, when possible claims and their factual bases are researched and identified.").

For these reasons, petitioner's third amended motion for appointment of an hypnosis expert [Doc. #21] and amended motion for appointment of an investigator [Doc. #22] are granted. The court authorizes counsel for petitioner to incur expenses not to exceed $5,000 to retain Edward Geiselman, an hypnosis expert, and to incur expenses not to exceed $1,500 for the services of a private investigator.

SO ORDERED.

DATED: June 22, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE