UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES DON FLORES, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 3:07-CV-0413-M |
| | § | |
| WILLIAM STEPHENS, Director, | § | (Death Penalty Case) |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO ALTER OR AMEND JUDGMENT**

Petitioner Charles Don Flores has filed a "Motion for Alteration or Amendment of Judgment under Fed. R. Civ. Proc. 59(e)" (Rule 59 Motion, ECF No. 99). Respondent has filed a response in opposition to the motion (Response, ECF No. 100), and Flores has filed his reply (Reply, ECF No. 101). The motion is denied because the Court properly addressed the arguments Flores presented in his pleadings and his new arguments do not warrant relief from the judgment.

I

"It is within the district court's discretion whether to reopen a case under Fed. R. Civ. Pro. 59(e)," *Weber v. Roadway Exp., Inc.,* 199 F.3d 270, 276 (5th Cir.2000), but "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D.La.2000)).

> "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before

the judgment issued.' " *Rosenzweig [v. Azurix Corp.*, 332 F.3d 854, 863-64 (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)]. Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir.2002).

*Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003) (footnote omitted).

II

In his Rule 59 Motion, Flores complains that this Court denied the requests for leave to amend his petition that were embedded in his supplemental briefing. Those embedded requests sought leave to file new claims, including claims that his trial counsel was ineffective in (1) failing to secure a ruling on his challenge to the prosecutor's use of a peremptory strike under *Batson v. Kentucky,* 476 U.S. 79 (1986), and (2) failing to challenge improperly admitted hypnosis testimony. (Supp. Br., ECF No. 82, at 31, 55.) Leave to amend was properly denied because the requests were not made in a timely manner, were not properly presented in a motion that gave due notice to the respondent and an opportunity to reply, and sought to raise new claims that lacked potential merit.

A

Although these proceedings are governed by the AEDPA, which imposes a strict one-year limitations period in 28 U.S.C. § 2244(d), Flores first made this motion to amend more than 5 years after filing his petition and 2 years after the Magistrate Judge made his findings and recommendations to deny relief. In denying leave to amend the pleadings, this Court rejected the argument that the new claims only became "ripe" after the Supreme Court issued its opinion in *Martinez v. Ryan,* 566 U.S. 1 (2012), and found instead that Flores could have set forth any such claim in his original petition, but chose "to present a different claim that is wholly without cognizance in federal habeas proceedings: that his counsel in state habeas proceedings was

ineffective." (Mem. Op., ECF No. 97, at 21 (citing 28 U.S.C. § 2254(i)). The Court also determined that it would be pointless to allow the amendment to include these meritless claims, one of which would also be time barred under 28 U.S.C. § 2244(d).

B

Flores argues that this Court misconstrued these two claims and improperly determined that they were both insubstantial and that one of them was also time barred. (Rule 59 Motion at 3-5, 15.) His arguments do not accurately depict the claims actually proposed before judgment was issued, but attempt to remold the claims to avoid the defects identified in this Court's analysis. Even as recast, however, the new version of these claims would fare no better.

1

In his petition filed in 2008, Flores asserted as his fourth claim for relief that he was denied the effective assistance of counsel in state habeas proceedings. (Pet. at 48-89.) In support of this claim, Flores asserted that state habeas counsel failed to assert viable claims, including a claim that trial counsel was ineffective for failing to secure a ruling on his *Batson* challenge once the trial court began, but did not complete, the *Batson* hearing. (Pet. at 81-84.) In his supplemental briefing, Flores also moved to amend his petition to assert this as a separate and independent claim for relief. (Supp. Br. at 31.)

Flores did not clearly and consistently set forth the claim in the pleadings before this Court.[1] Flores's Supplemental Brief requested that the Court "consider Flores's allegations that trial counsel

---

[1] Flores complains of this Court's observations that his pleadings are inconsistent regarding trial counsel's conduct, arguing that "his trial counsel's inconsistency is precisely what Flores complains of." (Rule 59 Motion at 4.) This portion of the opinion, however, was not addressing trial counsel's inconsistency, but the inconsistency in the allegations before this Court. (Mem. Op. at 22.)

was ineffective" in three ways, including "failing to *raise* a viable *Batson* claim." (Supp. Br. at 2) (emphasis added). The same briefing also stated, however, that trial counsel did raise the claim and that "the record below" reveals that "[a]t trial, counsel failed to *follow through* with his *Batson* objection and thus completely *waived* any viable argument."[2] (Supp. Br. at 3) (emphasis added). The supplemental briefing also pointed the Court to the allegations of the petition (Supp. Br. at 31).

In his petition, Flores argued that his "trial counsel timely and properly interposed a *Batson* objection" (Pet. at 75), and "never waived" it (Pet. at 80). The petition also stated, however, that trial counsels' performance in this regard was "woefully inadequate," that they "abandoned their duty" to Flores, and that their failure "seemingly abandoned" Flores's rights and "will waive any error" under *Batson*. (Pet. at 81-82.) This inconsistency appears to be an attempt at alternate pleading to assert both that the trial court violated his due-process rights under *Batson* and that his trial counsel was ineffective in waiving those rights.

The Court construed the embedded request to assert the claim that trial counsel was ineffective in failing "to resume the hearing begun under *Batson v. Kentucky,* 476 U.S. 79 (1986)." (Mem. Op. at 22.) This claim relied on the assumption that the trial court had determined that Flores met his initial burden under *Batson* to show a prima facie case of purposeful discrimination, and that at the time that the trial court recessed the hearing, the burden had already shifted to the prosecution to provide a race-neutral explanation for the strike. *See Miller-El v. Cockrell,* 537 U.S. 322, 328-329 (2003) (citing *Batson,* 476 U.S. at 96-98). Flores emphasized that "the trial court, inexplicably,

---

[2]Elsewhere in his supplemental briefing, Flores complained alternatively that he was deprived of due process when the trial court failed to complete the *Batson* hearing after he had made a prima facie case of racial discrimination (Supp. Br. at 21-22, 27, 31), or that trial counsel was ineffective for waiving the claim (Supp. Br. at 7, 9, 16, 19, 28-29).

abandoned its 'pivotal role' AFTER it determined that Flores had established a *prima facie* case of race discrimination." (Pet. at 75) (emphasis in original). He stated, "[w]hat remains clear from the record is that the trial judge found that Flores had established a *prima facie* case of illegal race discrimination and the burden of explanation was then shifted to the State." (Pet. at 79.) He repeated this reasoning in his petition (Pet. at 82), and in his supplemental briefing (Supp. Br. at 22, 27). He argued that "[r]easonable counsel, having uncovered an obvious shortcoming in the *Batson* hearing, would have raised an objection to the trial court's failure to conduct and conclude the *Batson* hearing **once the trial court determined that Flores had established a prima facie case of race discrimination**." (Supp. Br. at 29-30) (emphasis added).

> The Court found, however, that this critical assumption was incorrect.
>
> The record indicates, however, that the trial court did not "determine" that Flores made a prima facie case for discrimination in challenging veniremember Cantu. Instead, the trial judge repeatedly stated that he did not observe anything in the examination of Cantu, or in the exercise of the peremptory challenge of her, that appeared to be racially motivated. (28 RR at 106, 108.) Instead, it appeared that the trial court wanted to hear from the prosecutor out of an abundance of caution and because the trial judge did not fully recall everything from the examination that had occurred the prior day. (28 RR at 104, 106, 108.)

(Mem. Op. at 22-23.)

Now, in his Rule 59 Motion, Flores appears to deny that he was relying on this determination by the trial court.

> Of course, that was not at all Flores's claim, and the Court's misreading, coupled with its derision of Flores's "shifting allegations," reveals a profoundly troubling lack of consideration of this claim in a capital case. Indeed, as plainly set out in Flores's petition, his counsel was ineffective because, after creditably challenging under *Batson* the State's strike of Cantu, counsel then abandoned the challenge, relieving the State of its duty to articulate a race-neutral justification for the strike; relieving the trial court of its duty to then determine whether Flores had proven purposeful discrimination by a preponderance of the evidence; and thereby

forfeiting for review on appeal any error.

(Rule 59 Motion at 5) (footnotes omitted). Although Flores attempts to recast his proposed new claim to avoid the defects in the prior version, this new version does not materially differ from the one that was denied by the Court. While he appears to back away from his prior assertion that the trial court determined that he had made a prima facie case, the current version of this claim continues to rely on the same posture in the burden-shifting process for consideration of *Batson* claims. This remains inconsistent with the trial court's observations that no racial motivation was apparent in the exercise of the peremptory strike at the time that the hearing was recessed.

This Court also observed that Flores had not provided any reasonable expectation that the missing information regarding why the *Batson* hearing was not resumed, or what may have transpired off the record to obviate the need for such a hearing, would ultimately authorize habeas relief, and that Flores had offered no explanation of his efforts to obtain this information. (Mem. Op. at 23.) Flores complains that he must be afforded the opportunity to develop evidence to establish the two prongs of the test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). (Rule 59 Motion at 5.) He has still not, however, provided any indication that the trial court would have changed its mind and ruled in Flores's favor had his trial counsel resumed the hearing, or that trial counsel's actions were anything other than reasonable trial strategy. (Mem. Op. at 23.) Therefore, Flores has still not shown how he might meet either prong of *Strickland* if leave is granted to amend his pleadings to include that claim. Particularly in light of the tardiness in making these requests, justice would not be served by delaying these proceedings further to develop more evidence on such a tenuous basis. Flores has not shown an entitlement to relief under Rule 59.

2

In his petition filed in 2008, Flores also asserted as his third claim for relief that he was deprived of due process and the right of confrontation when the trial court allowed the State to introduce identification testimony from a witness whose recollection had been hypnotically enhanced. (Pet. at 44-48.) At the request of defense counsel, the trial court conducted a hearing outside of the presence of the jury where it received evidence regarding her hypnosis session. (Vol. 35, Reporter's Record ("RR"), at 153.) In his petition, Flores described it as follows:

> The fourth witness, Jill Bargainer, told the police prior to trial that she could not make an identification. However, when she was called to testify, she told the prosecutors that, based upon her in-court view of Flores, she could positively identify him as one of the two men she saw in the Blacks' driveway.

(Pet. at 45 (citing 35 RR152-157, 35 RR 283, 289-290, 294).) Flores describes this as a "surprising change in testimony," and attached an affidavit from R. Edward Geiselman, Ph.D. in support of his argument that "the hypnosis interview did, in fact, improperly cement Ms. Bargainer's ability to make a subsequent identification" and should not have been admitted. (Pet. at 45, 47.)

In his supplemental briefing, Flores recounted the record of "this surprising change in testimony" (Supp. Br. at 49), and again argued that the trial court's findings in support of its admission of this testimony were "incorrect because the hypnosis interview improperly cemented Bargainer's ability to make a subsequent identification" in light of the supporting affidavit. (Supp. Br. at 50). Flores summed up this part of his brief by stating that "[t]hus, the testimony resulting from the improper hypnosis interview was inadmissible" (Supp. Br. at 54), and then argued that state habeas counsel was ineffective in failing to show that to the state court:

> Dr. Geiselman has concluded that the hypnosis session was unduly suggestive. As a result, the in-court identification that followed was not trustworthy

> and was not admissible. Habeas counsel was therefore ineffective for not providing the Court of Criminal Appeals with the proper supporting evidence showing the unduly suggestive nature of the hypnosis session.
>
> Flores has suffered prejudice from state habeas counsel's failure to present supporting evidence. Had state habeas counsel properly raised and supported this issue, there is a reasonable probability that an impartial state habeas court would have granted Flores's claims. *See Strickland,* 466 U.S. at 695. *Martinez* now allows for Flores to properly present this claim for full consideration. In this regard, Flores respectfully seeks permission to AMEND his habeas petition and to introduce evidence regarding trial counsel's failure to challenge the tainted hypnotically induced identification.

(Supp. Br. at 54-55.) Although Flores mentions trial counsel's failure to "challenge" the identification, his petition and supplemental briefing argue that the trial court improperly ***admitted*** the testimony, not that trial counsel did not properly prepare to cross examine the witness regarding her identification. In fact, Flores repeatedly stressed the surprising nature of the change in testimony to make an identification, suggesting that the change was reasonably unexpected by trial counsel. The supplemental briefing did not argue that trial counsel should have anticipated and requested an expert to show that her testimony was tainted, or that the trial court would have found such an expert to have been reasonably necessary at a time when nobody expected her to make the identification.

In his Rule 59 Motion, however, Flores argues that "he seeks to amend his petition to assert that his trial counsel was ineffective in failing to ***challenge*** the improperly admitted hypnosis testimony, not object to it; his trial counsel failed to thoroughly demonstrate to the jury its lack of probative value, not contest its admission." (Rule 59 Motion at 15.) This appears to be a significant change from what was pleaded in either the supplemental briefing or the petition. In fact, this new characterization of his claim undermines his argument that the proposed new claim relates back to the one presented in his petition, which complained that his due process rights were violated by the

admission of the tainted identification evidence. Flores argues that a complaint that trial counsel failed to object relates to the same core facts as the basis for the objection. (Rule 59 Motion at 14-15 (citing *United States v. Gutierrez,* 548 Fed. App'x 181, 183 (5th Cir. 2013), *cert. denied,* 134 S.Ct. 2832 (June 16, 2014)).) Although this new characterization does not improve Flores's claim, it does support the Court's conclusion that the proposed new claim would not relate back to the one presented in his petition, but would be time barred under 28 U.S.C. § 2244(d).

### III

Flores has not shown that this Court's adjudication involved a manifest error of law or fact, that there is any newly discovered evidence supporting relief, or that an intervening change in the law undermines the judgment. Instead, he makes arguments that were or could have been made previously. In his Rule 59 Motion, Flores attempts to make different claims than the ones that he actually proposed in his earlier motion for leave to amend. Even as now recast, however, justice would not warrant the proposed amendment under Rule 15(a)(2) of the Federal Rules of Civil Procedure, particularly in light of the lack of potential merit to the claims, the time bar of one of the claims, and the needless delay that would result from the proposed amendment and requested evidentiary development in these already lengthy proceedings.

Flores's Motion for Alteration or Amendment of Judgment under Fed. R. Civ. Proc. 59(e) (ECF No. 99) is **DENIED**.

**IT IS SO ORDERED** this 19th day of September, 2014.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS