IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES DON FLORES, <br> TDCJ No. 999299, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, Texas <br> Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | No. 3:07-CV-413-M <br> (death-penalty case) |

**ORDER GRANTING RENEWED MOTION TO SUBSTITUTE COUNSEL**

Petitioner Charles D. Flores has filed a renewed motion requesting this Court (i) permit the withdrawal of the two attorneys the Court appointed three years ago to represent Petitioner in this capital habeas proceeding and (ii) appoint attorney Gretchen Sween, Petitioner's current state habeas counsel, as his new federal habeas counsel. Respondent does not oppose Petitioner's request, provided Petitioner waives any potential conflict of interest that may arise from Ms. Sween's dual representation in both state and federal court. For the reasons stated, Petitioner's renewed motion (ECF No. 143) is GRANTED.

On November 8, 2019, the Court denied Petitioner's initial motion to substitute counsel because the motion failed to present information sufficient to establish that Ms. Sween qualifies for appointment under the standards set forth in 18 U.S.C. § 3599 and failed to show good cause existed for substitution of counsel. Petitioner's renewed motion cures those deficiencies.

1

First, the renewed motion establishes that Ms. Sween qualifies for appointment under § 3599. Ms. Sween is admitted to practice law in the State of Texas, in the Northern, Southern, Eastern, and Western District Courts of Texas, in the Fifth and Eleventh Circuit Courts of Appeals, and in the Supreme Court of the United States. She has been admitted to practice in the Northern District of Texas since 2004, in the Fifth Circuit since 2005, and in the Supreme Court of the United States since 2011. She has had an active federal appellate practice since 2004 and has been continuously involved in federal and state capital appeals since 2010. For the past four years, Ms. Sween has been almost exclusively engaged in representing indigent individuals in capital post-conviction appeals. She has served as lead counsel for seven multi-day evidentiary hearings and served as supporting counsel for several others in state capital habeas proceedings. She has been counsel of record for six petitions for writ of certiorari to the Supreme Court of the United States in capital cases. The renewed motion further represents that Ms. Sween is available and willing to represent Petitioner in this proceeding.

Further, the renewed motion establishes that appointing Ms. Sween as substitute counsel is in the interest of justice. In *Martel v. Clair*, 565 U.S. 648 (2012), the Supreme Court acknowledged that, in ruling on motions for substitution of counsel, courts consider whether the appointment would be in the interest of justice in view of various factors, including: (1) the timeliness of the motion; (2) the nature of the defendant's complaint with regard to his current counsel; and (3) the asserted cause for the complaint, including the extent of the

2

conflict or breakdown in communication between lawyer and client and the client's own responsibility, if any, for that conflict. *See Martel*, 565 U.S. at 663.

Here, the first factor weighs in favor of granting Petitioner's request. The Court finds the renewed motion is timely and was not made for the purpose of delay. Petitioner's subsequent state habeas application is still pending in state court. Currently, there is no pending deadline and no substantive matter before this Court other than Petitioner's renewed motion to appoint substitute counsel. The second and third factors do not weigh against granting the request to appoint substitute counsel. Petitioner articulates no complaint regarding his current counsel. Instead, he asks the Court to appoint Ms. Sween, his current state habeas counsel, as his new federal habeas counsel. His current federal habeas counsel agrees this substitution is in Petitioner's interests. Because Ms. Sween is already intimately familiar with the facts, procedural history, and legal issues involved in Petitioner's case, her appointment would further judicial economy. And through her work on his state habeas case, Ms. Sween has earned Petitioner's trust. Though an indigent person on death row does not have a constitutional or statutory right to counsel of his choice, he certainly has an interest in being represented by an attorney with whom he has a relationship of trust.

In its order on Petitioner's first motion to appoint substitute counsel, the Court expressed concerns about a potential conflict of interest in the appointment of Ms. Sween in federal court due to her representation of Petitioner in state court. The concern grows primarily out of efforts by capital habeas litigants to expand the

holdings of *Martinez v. Ryan*, 556 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013) to situations in which the same attorney represented a death row inmate in both a subsequent state habeas corpus proceeding and a successive federal habeas proceeding. Respondent indicates that she shares these concerns, but she does not oppose Petitioner's request for substitute counsel, provided Petitioner waives any potential conflict of interest claim that may arise from Ms. Sween's dual representation in both state and federal court. In his initial motion to substitute counsel, Petitioner indicated his willingness to waive the right to raise any such conflict of interest. However, he now disclaims his ability to do so, calling it a chimera. He points out that, because Ms. Sween "played [no] role in investigating or preparing Petitioner's pending subsequent state habeas application," any potential conflict of interest does not exist and would not arise. The Court agrees that, under current law, no potential conflict exists and, therefore, no waiver is required.

Further, in view of the fact that Petitioner's request is timely and that he seeks to have Ms. Sween appointed as substitute counsel not because of some conflict with his current counsel that he created, but based on the relationship of trust the two have developed, the Court finds that any potential conflict of interest does not weigh heavily against granting Petitioner's motion.

Accordingly, the Court GRANTS Petitioner's renewed motion to appoint substitute counsel and allows Camille M. Knight and Carl David Medders to withdraw from further representation of, or obligation to, Petitioner. The Court

4

appoints Ms. Gretchen Sween as substitute CJA counsel pursuant to 18 U.S.C. § 3599 and waives the local counsel requirement of N.D. Tex. L. Crim. R. 83.10.

**SIGNED** April 29, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE